IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**HAROLD YATES,**

    Plaintiff,

v.

**ENVISION GLASS & ALUMINUM** a Florida Limited Liability Company, **RICHARD FRASER**, individually, and **BLAKE FRASER**, individually,

    Defendants.

Case No.: _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, HAROLD YATES ("Yates") files this Complaint against Defendants, ENVISION GLASS & ALUMINUM, LLC ("Envision"); RICHARD FRASER ("RF") individually, and BLAKE FRASER ("BF") individually, (collectively, "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as this claim is brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Lee County,

Florida, located within the Middle District of Florida.

**PARTIES**

4. At all times material hereto, Plaintiff was a resident of Lee County, Florida.

5. At all times material hereto, Defendant Envision Glass was a Florida Limited Liability Company engaged in business in Florida, with a principal place of business in Lee County, Florida.

6. Upon information and belief, at all times material hereto, Defendant RF was an individual resident of the State of Florida.

7. At all times material hereto, Defendant RF, was an "employer" as defined by 29 U.S.C. § 201, et seq.

8. At all times material hereto, Defendant RF owned and operated Envision Glass.

9. At all times material hereto, Defendant RF regularly hired and fired employees of Envision Glass.

10. At all times material hereto, Defendant RF regularly determined the work schedules for the employees of Envision Glass.

11. At all times material hereto, Defendant RF controlled the finances and operations of Envision Glass.

12. Upon information and belief, at all times material hereto, Defendant BF was an individual resident of the State of Florida.

13. At all times material hereto, Defendant BF, was an "employer" as defined by 29 U.S.C. § 201, et seq.

14. At all times material hereto, Defendant BF owned and operated Envision Glass.

2

15. At all times material hereto, Defendant BF regularly hired and fired employees of Envision Glass.

16. At all times material hereto, Defendant BF regularly determined the work schedules for the employees of Envision Glass.

17. At all times material hereto, Defendant BF controlled the finances and operations of Envision Glass.

18. At all times material hereto, Plaintiff was an "employee" of Envision Glass within the meaning of the FLSA.

19. At all times material hereto, Plaintiff was an "employee" of RF within the meaning of the FLSA.

20. At all times material hereto, Plaintiff was an "employee" of BF within the meaning of the FLSA.

21. At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

22. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

23. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

24. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, trucks, other office equipment, tools, and other materials which were used directly in furtherance of Defendants' commercial activity of operating a glass and aluminum company.

25. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of the fact that Plaintiff regularly handled items that had been moved in interstate commerce, including but not limited to, materials necessary to construct custom glass and aluminum structures.

26. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

27. Defendants operate an aluminum and glass company that offers a variety of custom construction and installation services, including, but not limited to, countertops, shower doors, canopies, entrances, and mirrors.

28. Plaintiff worked for Defendants from approximately 2017 through 2019 as a glazier.

29. Plaintiff's duties included, *inter alia*, driving to Defendants' customers and installing and constructing fixtures out of glass and aluminum.

30. Plaintiff maintained the same duties throughout the duration of his employment.

31. Defendants paid Plaintiff at an hourly rate of pay throughout the duration of his employment.

32. In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours.

33. Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate of pay for all of the hours that he worked in excess of forty (40) hours in a given work week.

34. Specifically, Defendants did not include all of Plaintiff's hours worked each work

week in determining the number of overtime hours Plaintiff worked.

35. For example, Defendants compensated Plaintiff at his regular hourly rate of pay for the first forty hours that Plaintiff spent at specific job sites each work week.

36. These were classified by Defendants as "Regular Hours" on Plaintiff's pay stubs. An example of Plaintiff's paystub is attached hereto as Exhibit A.

37. When Plaintiff spent more than forty hours working at specific job sites during a work week, Defendants considered these as overtime hours and compensated Plaintiff time and one half of his regular rate of pay. *See* Ex. A.

38. However, Defendants compensated Plaintiff for all hours that he spent driving between each job each work day at his regular rate of pay, separate and apart from the hours that he spent on job sites. *See* Ex. A.

39. Defendants classified these hours as "Drive Time Hours" on Plaintiff's paystubs. *See* Ex. A.

40. The time that Plaintiff spent travelling between jobs each day should have been included in the regular hours and overtime hours worked each week.

41. For instance, on the paystub that is attached hereto as Exhibit A, Plaintiff was compensated for 40 regular hours, 30 minutes of overtime, and 15 hours for drive time. *See* Ex. A.

42. Plaintiff should have been compensated for 40 regular hours, and 15 hours and thirty minutes of overtime at time and one half of his regular rate of pay.

43. The same is true for most, if not all, work weeks throughout the duration of Plaintiff's employment with Defendants.

44. Plaintiff should have been, and should be, compensated at a rate of one and one-half

5

times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

45. Additionally, Defendants made deductions from Plaintiff's pay for damages to tools.

46. These deductions reduced the amount of overtime compensation that Plaintiff received.

47. Defendants have violated 29 U.S.C. §207 in that:

   a. Plaintiff worked in excess of forty (40) hours in most, if not all work weeks during his period of employment with Defendants;

   b. No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

48. Plaintiff realleges and reincorporates paragraphs 1 through 47 as if fully set forth herein.

49. Plaintiff worked in excess of forty (40) hours per week.

50. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours each workweek.

51. Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours that he worked in excess of forty (40) hours each work week.

52. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

53. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours that he worked in excess of forty (40) hours per week when Defendants knew, or should have known, such was, and is due.

54. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

55. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

56. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated: April 10, 2020.

                                          /s/ *Chanelle J. Ventura*
                                        Chanelle J. Ventura
                                        Florida Bar No. 1002876
                                        Morgan & Morgan, P.A.
                                        8151 Peters Road, Suite 4000
                                        Plantation, FL 33324
                                        T: (954) 318-0268

F: (954) 327-3039
Email: [cventura@forthepeople.com](mailto:cventura@forthepeople.com)

***Attorney for Plaintiff***